FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ OCT 1 8 2011 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

RAYSHAWN LAWRENCE and LEO FELDER,

                                  Plaintiffs,

             -against-

CITY OF NEW YORK, CORNELIUS BUCKLEY, RAYMOND
WITTICK, VINCENT ORSINI, BRUCE TULLOCH, ANTHONY
FLORIO, and JOHN and JANE DOE 1 through 10, individually
and in their official capacities, (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

                                  Defendants.

-----------------------------------------------------------------------X

COMPLAINT 5066

Docket No.

Jury Trial Demanded

MAUSKOPF, J.

BLOOM, M.J.

SUMMONS ISSUED

Plaintiffs RAYSHAWN LAWRENCE and LEO FELDER, by their attorneys, Leventhal
& Klein, LLP, complaining of the defendants, respectfully allege as follows:

## PRELIMINARY STATEMENT

1.      Plaintiffs bring this action for compensatory damages, punitive damages and
attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of their civil rights,
as said rights are secured by said statutes and the Constitutions of the State of New York and the
United States.

## JURISDICTION

2.      This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the
Fourth and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.     Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to

Fed. R. Civ. P. 38 (b).

## PARTIES

6.     Plaintiff RAYSHAWN LAWRENCE is a twenty-eight year old African

American man residing in College Park, Georgia.

7.     Plaintiff LEO FELDER is a thirty-one year old African American man residing in

Staten Island, New York.

8.     Defendant CITY OF NEW YORK was and is a municipal corporation duly

organized and existing under and by virtue of the laws of the State of New York.

9.     Defendant CITY OF NEW YORK maintains the New York City Police

Department, a duly authorized public authority and/or police department, authorized to perform

all functions of a police department as per the applicable sections of the aforementioned

municipal corporation, CITY OF NEW YORK.

10.     That at all times hereinafter mentioned, the individually named defendants,

CORNELIUS BUCKLEY, RAYMOND WITTICK, VINCENT ORSINI, BRUCE TULLOCH,

ANTHONY FLORIO, and JOHN and JANE DOE 1 through 10, were duly sworn police officers

of said department and were acting under the supervision of said department and according to

their official duties.

11.     That at all times hereinafter mentioned the defendants, either personally or

through their employees, were acting under color of state law and/or in compliance with the

official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New

2

York and/or the City of New York.

12.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

13.     On November 28, 2008, at approximately 4:45 p.m., plaintiffs RAYSHAWN LAWRENCE and LEO FELDER were lawfully present in front of 242 Benziger Avenue, Staten Island, New York, when the defendants, together with other NYPD police officers, approached said location to execute a search warrant for the basement apartment of 242 Benziger Avenue.

14.     The plaintiffs were grabbed and thrown them to the ground, and thereafter handcuffed, despite the lack of any probable cause to believe that the plaintiffs had committed any crimes or violations.

15.     The plaintiffs were transported in police custody to the NYPD's 120th police precinct and imprisoned plaintiffs therein and in the Staten Island Criminal Courthouse, until their arraignments on false charges filed in Richmond County Criminal Court, said charges having been filed against the plaintiffs based on the false allegations of defendant WITTICK. The defendants initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiffs for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to cover up the above mentioned abuse of authority.

16.     As a result of the defendants' false statements to the Richmond County Criminal Court and the Richmond County Grand Jury, plaintiffs were imprisoned on bail and an indictment was filed against plaintiffs under Richmond County Supreme Court Indictment No. 409/2008.

17.    As a result of said malicious prosecution, plaintiff FELDER was imprisoned from November 28, 2008 through January 26, 2009, a period of 62 days.

18.    As a result of said malicious prosecution, plaintiff LAWRENCE was imprisoned from November 28, 2008 through on or about December 23, 2008, a period of 25 days.

19.    On January 26, 2009, Judge Leonard Rienzi dismissed the baseless charges levied against the plaintiffs finding, after a review of the Grand Jury minutes, that the evidence was legally insufficient to support any of the charges filed against the plaintiffs.

20.    All of the above occurred while the defendant failed to intervene in the illegal conduct described herein.

21.    All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising of its employees, and the policy of arresting anyone near or at the location of a search warrant execution based on their mere presence, rather than on probable cause to arrest and/or prosecute.

22.    The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affair Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, engage in falsification, and are otherwise insufficiently trained regarding: the law of arrest; the execution of search warrants, and; the treatment of innocent and/or uninvolved individuals found in the vicinity of search warrant executions.

23.    Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to

4

violate the plaintiffs' civil rights.

24.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

25.     As a result of the foregoing, plaintiffs RAYSHAWN LAWRENCE and LEO FELDER, sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of their constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. § 1983)

26.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs "1" through "25" with the same force and effect as if fully set forth herein.

27.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

28.     All of the aforementioned acts deprived plaintiffs of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

29.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

5

30.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

31.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

32.    As a result of the foregoing, plaintiffs RAYSHAWN LAWRENCE and LEO FELDER are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

33.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34.    Defendants arrested plaintiffs without probable cause, causing them to be detained against their will for an extended period of time and subjected to physical restraints.

35.    Defendants caused plaintiffs to be falsely arrested and unlawfully imprisoned.

36.    As a result of the foregoing, plaintiffs RAYSHAWN LAWRENCE and LEO FELDER are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

37.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38.     Defendants maliciously issued criminal process against plaintiffs RAYSHAWN LAWRENCE and LEO FELDER, by causing them to be arraigned and prosecuted in Criminal and Supreme Court.

39.     Defendants caused plaintiffs RAYSHAWN LAWRENCE and LEO FELDER, to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority.

40.     As a result of the foregoing, plaintiffs RAYSHAWN LAWRENCE and LEO FELDER are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

41.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "40" with the same force and effect as if fully set forth herein.

42.     Defendants initiated, commenced and continued a malicious prosecution against plaintiffs RAYSHAWN LAWRENCE and LEO FELDER.

43.     Defendants caused plaintiffs RAYSHAWN LAWRENCE and LEO FELDER, to be prosecuted without any probable cause until the charges were dismissed on January 26, 2009.

44.     As a result of the foregoing, plaintiffs RAYSHAWN LAWRENCE and LEO FELDER are entitled to compensatory damages in an amount to be fixed by a jury, and are

7

further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

45.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46.     The defendants conduct herein were an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

47.     As a result of the foregoing, plaintiffs RAYSHAWN LAWRENCE and LEO FELDER, were deprived of their liberty and right to substantive due process, causing emotional and physical injuries.

48.     As a result of the foregoing, plaintiffs RAYSHAWN LAWRENCE and LEO FELDER are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

49.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50.     The defendants seized, detained, arrested, and imprisoned plaintiffs because of plaintiffs' national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

51.     As a result of the foregoing, plaintiffs RAYSHAWN LAWRENCE and LEO

8

FELDER were deprived of their rights under the Equal Protection Clause of the United States Constitution.

52.     As a result of the foregoing, plaintiffs RAYSHAWN LAWRENCE and LEO FELDER are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

53.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "52" with the same force and effect as if fully set forth herein.

54.     Defendants had an affirmative duty to intervene on behalf of plaintiffs RAYSHAWN LAWRENCE and LEO FELDER, whose constitutional rights were being violated in their presence by other officers.

55.     The defendants failed to intervene to prevent the unlawful conduct described herein.

56.     As a result of the foregoing, plaintiffs' liberty was restricted for an extended period of time, they were put in fear of their safety, and they were humiliated and subjected to handcuffing and other physical restraints.

57.     As a result of the foregoing, plaintiffs RAYSHAWN LAWRENCE and LEO FELDER are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

58.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59.     The individual defendants personally caused plaintiffs' constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

60.     As a result of the foregoing, plaintiffs RAYSHAWN LAWRENCE and LEO FELDER are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

61.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "60" with the same force and effect as if fully set forth herein.

62.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

63.     The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to: arresting individuals without probable cause merely based on their presence at the location of the execution of a search warrant. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, promoting, compensating and supervising its employees that were the moving force behind the violation of plaintiffs' rights as described

10

herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, promote, compensate and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

64. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs RAYSHAWN LAWRENCE and LEO FELDER.

65. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs RAYSHAWN LAWRENCE and LEO FELDER, as alleged herein.

66. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiffs RAYSHAWN LAWRENCE and LEO FELDER, as alleged herein.

67. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiffs RAYSHAWN LAWRENCE and LEO FELDER, were unlawfully arrested and maliciously prosecuted.

68. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs RAYSHAWN LAWRENCE and LEO FELDER'S constitutional rights.

11

69.     All of the foregoing acts by defendants deprived plaintiffs RAYSHAWN

LAWRENCE and LEO FELDER, of federally protected rights, including, but not limited to, the

right:

        A.     Not to be deprived of liberty without due process of law;

        B.     To be free from false arrest/unlawful imprisonment;

        C.     To be free from the failure to intervene;

        D.     To be free from malicious prosecution;

        E.     To be free from malicious abuse of process; and

        F.     To receive equal protection under law.

70.     As a result of the foregoing, plaintiffs RAYSHAWN LAWRENCE and LEO

FELDER are entitled to compensatory damages in an amount to be fixed by a jury, and are

further entitled to punitive damages against the individual defendants in an amount to be fixed by

a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**, plaintiffs RAYSHAWN LAWRENCE and LEO FELDER, demand judgment and pray for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages against the individual defendants in an amount to be determined by a jury;

(C)     reasonable attorney's fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       October 17, 2011

LEVENTHAL & KLEIN, LLP
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100

By:   _____
      BRETT H. KLEIN (BK4744)

Attorneys   for   Plaintiffs   RAYSHAWN
LAWRENCE and LEO FELDER

13